UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES PALMER,<br>  *Plaintiff*,<br><br>  v.<br><br>SIEMENS ENERGY GENERATION<br>SERVICES COMPANY,<br>  *Defendant*. | No. 3:24-cv-01499 (KAD) |

**ORDER GRANTING [18] MOTION TO DISMISS**

Kari A. Dooley, United States District Judge

  This case arises out of Plaintiff James Palmer's ("Plaintiff") termination from his employment with Defendant Siemens Energy Generation Services Company ("Siemens"). Plaintiff alleges in Count One that he was wrongfully discharged after he raised concerns about workplace practices at an offshore wind project.[1] Siemens moves to dismiss Count One of the Complaint, arguing, *inter alia*, that the Court is without subject matter jurisdiction to hear this claim because Plaintiff failed to pursue the grievance and arbitration procedures required under the Project Labor Agreement,[2] which governs the employment relationship between the parties. Plaintiff asserts that exhaustion of these procedures was not required under the circumstances presented. For the reasons set forth below, the motion to dismiss Count One is GRANTED.

**ALLEGATIONS**

  Plaintiff was employed by Siemens as an electrician at the New London State Pier Offshore Wind Turbine Pre-Assembly Project (Project). Doc. #1-1 at 5 (¶¶ 7-8); Doc. #19 at 2.

---

[1] Not at issue in the pending motion is Count Two, which charges retaliatory discharge pursuant to Conn. Gen. Stat. § 31-51q.
[2] Alternatively, Siemens argues pursuant to Rule 12(b)(6) that insofar as Plaintiff was not an at-will employee, he fails to state a claim for wrongful discharge. Doc. #19 at 8-9. This argument is supported by black letter law. *See Konstantinidis v. First Student Inc.*, 2016 WL 6080194, at *6 (D. Conn. 2016); *D'Amato v. S. Connecticut Gas Co.*, 2000 WL 34325258, at *3-4 (D. Conn. 2000). But insofar as the Court dismisses Count One for want of subject matter jurisdiction, it need not address this alternative argument.

1

Plaintiff was also a member of the International Brotherhood of Electrical Workers, Local 90 (Union). Doc. #19 at 2-3. As a result of his membership in the Union, Plaintiff's employment was governed by a Project Labor Agreement (PLA) between contractors on the Project and the Union. *Id.*; *see generally* Doc. #19-1 at 4-37.

The genesis of this lawsuit lies in Plaintiff's internal complaints, by which he alleges to have reported concerns to Siemens about unlicensed individuals performing electrical work and work not being done according to code. Doc. #1-1 at 5-7 (¶¶ 9-20). Shortly thereafter, Siemens terminated Plaintiff's employment, explaining that the termination was, purportedly, due to a lack of work. *Id.* at 7 (¶¶ 21-23).

Plaintiff filed suit in the Superior Court for the judicial district of New Haven. Doc. #1-1 at 4. The Complaint sounds in two counts: (1) common law wrongful discharge in violation of public policy, and (2) retaliatory discharge under Conn. Gen. Stat. § 31-51q. *See generally id.* The present motion to dismiss concerns only Count One, in which Plaintiff alleges that his discharge violated public policy as articulated in Conn. Gen. Stat. § 20-334, which regulates the licensing of electricians. *Id.* at 7-8 (¶¶ 28-35). Siemens timely removed the action to this Court. *See* Doc. #1 at 1.

### STANDARD OF REVIEW

The standard that governs a motion to dismiss under Rule 12(b)(1) is well established. Under Rule 12(b)(1), a complaint may not survive unless it alleges facts that, taken as true, give rise to plausible grounds to sustain federal subject matter jurisdiction. *See Lapaglia v. Transamerica Cas. Ins.*, 155 F. Supp. 3d 153, 155-56 (D. Conn. 2016). Furthermore, because a Rule 12(b)(1) motion concerns the Court's subject matter jurisdiction—a threshold issue—it must be addressed before any Rule 12(b)(6) arguments. *See U.S. Bank Nat'l Assoc. v. 1078*

*Whillmore LLC*, 740 F. Supp. 3d 157, 166 (E.D.N.Y. 2024) (quoting *U.S. ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155-56 (2d Cir. 1993)); 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350 (4th ed.) ("[T]he cases are legion stating that the district court should consider [a] Rule 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined by the judge.").

Importantly, on a Rule 12(b)(1) motion, the Court may consider evidence outside the pleadings to resolve disputed jurisdictional facts without converting the motion into one for summary judgment.[3] *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016).[4]

## DISCUSSION

Siemens argues that Count One must be dismissed for lack of subject matter jurisdiction on the ground that the PLA's grievance procedure was the "exclusive" remedy for Plaintiff's common law claims, and that Plaintiff's failure to follow those procedures deprives this Court of subject matter jurisdiction. Doc. #19 at 1. Plaintiff counters that any administrative remedy under the PLA could not have granted him his requested relief and that therefore the futility exception to the exhaustion requirement applies. Doc. #23 at 6.

Under Connecticut law, when a collective bargaining agreement provides grievance and arbitration procedures, an employee subject to the agreement must exhaust those procedures before resorting to the courts. *See Neiman v. Yale Univ.*, 270 Conn. 244, 250-51 (2004); *City of Hartford v. Hartford Mun. Emps. Ass'n*, 259 Conn. 251, 282-83 (2002); *Brookridge Dist. Ass'n*

---

[3] For this reason, the Court rejects Palmer's assertion that the Defendant improperly relies upon the PLA, which is outside the pleadings, in seeking dismissal.

[4] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

*v. Plan. & Zoning Comm'n of Town of Greenwich*, 259 Conn. 607, 611 (2002). "In the collective bargaining context . . . the purpose of the exhaustion requirement is to encourage the use of grievance procedures, rather than the courts, for settling disputes. A contrary rule which would permit an individual employee to completely sidestep available grievance procedures in favor of a lawsuit has little to commend it . . . . It would deprive employer and union of the ability to establish a uniform and exclusive method for orderly settlement of employee grievances. If a grievance procedure cannot be made exclusive, it loses much of its desirability as a method of settlement. A rule creating such a situation would inevitably exert a disruptive influence upon both the negotiation and administration of collective bargaining agreements." *Neiman*, 270 Conn. at 253-54. Failure to exhaust these remedies deprives the Court of subject matter jurisdiction. *See, e.g.*, *Neiman*, 270 Conn. at 251.

Here, it is undisputed that the PLA governed Plaintiff's employment, and that it required arbitration of disputes arising out of the employment relationship, including discharge. Doc. #19 at 3-4; *see also* Doc. #19-1 at 24-26 (PLA, Art. IX § 3) (establishing a mandatory grievance and arbitration process covering disputes "arising out of and during the term of this Agreement involving its interpretation and/or application"). Furthermore, Plaintiff did not file a grievance or seek arbitration under the PLA before initiating this lawsuit. Doc. #19 at 7; Doc. #19-1 at 92 (¶ 10) (McCormick Decl.).

Plaintiff's allegations—that he was terminated for raising concerns about licensing and safety violations—plainly arise out of the employment relationship and are subject to the PLA's grievance procedures. Plaintiff does not argue otherwise. As the Connecticut Supreme Court explained in *City of Hartford* "[b]efore resort to the courts is allowed, an employee must at least

4

attempt to exhaust exclusive grievance and arbitration procedures, such as those contained in [a] collective bargaining agreement." 259 Conn. at 283.

Plaintiff argues, however, that exhaustion should be excused because the grievance procedure would be futile or inadequate insofar as the collective bargaining agreement would not permit the recovery of the common law punitive damages he seeks. Doc. #23 at 3-4. Plaintiff is incorrect. As discussed above, it is well settled that exhaustion of contractual remedies is not optional where a collective bargaining agreement controls the employment relationship. The Court is not free to disregard that requirement simply because Plaintiff identifies a remedy that falls outside the agreement itself. In this vein, Connecticut courts have made clear that it is not a plaintiff's selection of "a particular remedy that determines whether the [administrative] remedy . . . is inadequate . . . and an administrative remedy, in order to be 'adequate,' need not comport with the [plaintiff's] opinion of what a perfect remedy would be." *Carter v. City of Hartford*, 1998 WL 823044, at *6 (D. Conn. 1998) (quoting *Connecticut Mobile Home Ass'n, Inc. v. Jensen's Inc.,* 178 Conn. 586, 590 (1979)). In other words, the mere unavailability of certain remedies under a grievance procedure does not render that procedure inadequate so as to excuse exhaustion as futile. If such were the case, any Plaintiff could eschew exhaustion requirements simply by seeking relief that the exhaustion process could not provide. *See, e.g.*, *Fanning v. Gold Sys., Inc.*, 2006 WL 8448471, at *2 (D. Conn. 2006) (noting that the exhaustion requirement would be rendered meaningless if plaintiff could avoid it simply by choosing a remedy not available thereunder); *White v. Martin,* 23 F. Supp. 2d 203, 206 (D. Conn. 1998) (same).

## CONCLUSION

For the reasons set forth above, the motion to dismiss Count One is GRANTED with

prejudice. *See* Doc. #18.

It is so ordered.

Dated at Bridgeport this 30th day of April 2025.

/s/ *Kari A. Dooley*
Kari A. Dooley
United States District Judge