UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES PALMER,                                    :
                                                 :
        Plaintiff,                               :
                                                 :
        v.                                       :    CASE NO. 3:24-cv-1499-KAD
                                                 :
SIEMENS ENERGY GENERATION                        :
SERVICES COMPANY,                                :
                                                 :
        Defendant.                               :

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND
DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Plaintiff, James Palmer, filed this employment retaliation action against his former

employer, Defendant Siemens Energy Generation Services Company. (Dkt. #1.) Currently before

the court is Defendant Siemens Energy's Motion for a Protective Order to preclude the deposition

of Michael McCormick, President of Siemens Energy. (Dkt. #62.) Plaintiff opposes the Motion

for a Protective Order and filed a responsive Motion to Compel the deposition of Mr. McCormick.

(Dkt. #65.) The Honorable Kari A. Dooley has referred the Motions to the undersigned. (Dkt. #64.)

For the reasons that follow, Plaintiff's Motion to Compel is denied and Defendant's Motion for a

Protective Order is denied as moot.

I.      BACKGROUND

Plaintiff James Palmer commenced this employment action against Defendant Siemens

Energy in Connecticut Superior Cout on or about August 16, 2024.[1] (Dkt. #1-1.) Plaintiff alleges

that he was hired by Defendant as a licensed electrician on or about June 19, 2023. *Id.* ¶¶ 5, 7.

---

[1] After being served with the Complaint, Defendant removed the case to the United States District Court for the District of Connecticut on the basis of diversity jurisdiction. (Dkt. #1.)

1

Plaintiff alleges that, during his employment, "he internally reported to [D]efendant's management that the [D]efendant was having employees or other individuals perform electrical work without an electrical license" in violation of Connecticut law, and was "instructing employees and/or other individuals to do electrical work that were not up to Code." *Id.* ¶¶ 9, 10-12 16. After raising these complaints, Plaintiff was terminated by Defendant. *Id.* ¶¶ 21-22. Plaintiff was told his termination was due to a "lack of work," *id.* ¶ 23, but Plaintiff alleges that there was plenty of work at Siemens Energy and that his termination was in retaliation to his complaints regarding safety, *id.* ¶¶ 25, 28-40. Plaintiff then commenced the instant lawsuit. (Dkt. #1.)

On January 9, 2025, the Court entered a scheduling order setting the discovery deadline for October 17, 2025. (Dkt. #26.) On September 19, 2025, the parties sought and obtained an extension of time to complete discovery, and the Court re-set the discovery deadline for January 17, 2026.[2] (Dkts. #43, 44.) In extending the deadline, the Honorable Kari A. Dooley noted that discovery deadlines "shall not be further extended absent extraordinary and unforeseen circumstances." *Id.*

On January 6, 2026, Plaintiff noticed the depositions of Nicholas Ladnier and Sean Daly to take place on January 16, 2026. (Dkt. #63 at 3; dkt #63-1 at 11-18.) In Defendant's Responses to Initial Discovery Protocols, Mr. Ladnier was identified as a Siemens Project Manager and Mr. Daly was identified as a Business Manager IBEW Local 90, Union Representative. (Dkt. #63-1 at 56-57.) In the same document, Defendant erroneously directed that Mr. Daly could only be contacted through Jackson Lewis, P.C., counsel for Siemens, although Mr. Daly did not work for Siemens. *Id.* at 56. Due to scheduling constraints, the parties re-scheduled the depositions of Mr. Ladnier and Mr. Daly for February 3, 2026. (Dkt. #63 at 3.) Defendant contends that at this time,

---

[2] Defendant sought the extension, to which Plaintiff consented. (Dkt. #43.)

it was still unaware of the of the error in its Responses to Initial Discovery Protocols which directed Plaintiff to only contact Mr. Daly through counsel for Siemens. *Id.* at 3-4. On January 16, 2026, Defendant informed Plaintiff that it expected Plaintiff to produce Mr. Daly because he was never employed by Defendant. *Id.* at 4. Plaintiff's counsel claims it was unaware until this time that Defendant did not employ and could not produce Mr. Daly. (Dkt. #65-1 at 5-6.)

On January 21, 2026, after clarifying Defendant's inability to produce Mr. Daly for the deposition, Plaintiff's counsel informed Defendant's counsel that "it would also be deposing Michael McCormick on February 3, 2026." (Dkt. #63 at 4; *see also* dkt. #63-1 at 29.) Mr. McCormick was identified in Defendant's Responses to Initial Discovery Protocols as the President of Siemens, and someone likely to have knowledge of facts concerning the lawsuit. (Dkt. #63-1 at 56.) In response to the deposition notice, Defendant's counsel informed Plaintiff's counsel that the discovery deadline had passed and that it would not be producing Mr. McCormick for the deposition. (Dkt. #63 at 4.) On January 28, 2026, Plaintiff's counsel re-noticed the depositions of Mr. Ladnier and Mr. Daly and noticed the deposition of Mr. McCormick. *Id.* Defendant's counsel reiterated its objections, and the parties were unable to resolve the dispute over Mr. McCormick's potential deposition. *Id.* Defendant filed the instant Motion for a Protective Order to Preclude the Deposition of Michael McCormick. (Dkt. #62.) Plaintiff opposes the Motion and filed a Motion to Compel the deposition of Mr. McCormick. (Dkt. #65.)

II.    LEGAL STANDARD

### A. Motion to Compel

Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Pursuant to Rule 37, "[a] party seeking discovery may move

3

for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The party moving to compel discovery bears the burden of demonstrating "that the requests are within the scope of Rule 26(b)(1)." *Conservation L. Found., Inc. v. Shell Oil Co.*, No. 3:21-CV-933 (JAM), 2023 U.S. Dist. LEXIS 147065, at *34 (D. Conn. Aug. 22, 2023). After the party requesting discovery has demonstrated relevance according to the requirements of Rule 26, "[t]he party resisting discovery bears the burden of showing why discovery should be denied." *Cole v. Towers Perrin Forster & Crosby*, 256 F.R.D. 79, 80 (D. Conn. 2009).

### B. Motion for a Protective Order

Rule 26(c) of the Federal Rules of Civil Procedure provides that any person from whom discovery is sought may move for a protective order. Fed. R. Civ. P. 26(c)(1). Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* "If the moving party establishes good cause for protection, 'the court may balance the countervailing interests to determine whether to exercise discretion and grant the order.'" *Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354, 356 (D. Conn. 2006) (quoting *Rofail v. U.S.A.,* 227 F.R.D. 53, 55 (E.D.N.Y. 2005)).

 A district court is granted broad discretion regarding whether to issue a protective order under Rule 26(c). *Dove v. Atl. Capital Corp.,* 963 F.2d 15, 19 (2d Cir.1992).

III.     <u>DISCUSSION</u>

Although the Motion to Compel was filed after the Motion for a Protective Order, the Court first considers whether Plaintiff may compel the deposition of Michael McCormick after the close of discovery. Generally, the deadline for serving a motion to compel is "prescribed by Rule 16, which requires the district court to establish a scheduling order limiting the time to file motions and complete discovery." *Casagrande v. Norm Bloom & Son, LLC*, No. 3:11-cv-1918 (CSH), 2014

4

U.S. Dist. LEXIS 158752, at *5 (D. Conn. Nov. 10, 2014). Scheduling orders may only be modified with good cause and the judge's consent, Fed. R. Civ. P. 16(b)(4), and if a party files "a motion to compel after discovery has closed, that party must establish good cause for the late filing." *Casagrande*, 2014 U.S. Dist. LEXIS 158752, at *5.

Here, the discovery deadline was January 17, 2026 and Plaintiff filed his Motion to Compel Mr. McCormick's deposition on February 13, 2026. (Dkts. #44, 65.) Because Plaintiff's Motion to Compel was filed after the close of discovery, the burden is on Plaintiff to demonstrate good cause for the delay. Plaintiff argues in his Motion to Compel that good cause exists because Defendant's interrogatories stated that Mr. Daly and Mr. Ladnier were the two people who were involved in the supervision and termination of the plaintiff. (Dkt. #65-1 at 1). Plaintiff argues that he could not foresee that Mr. McCormick was involved in the decision to terminate the Plaintiff or that the Defendant did not employ Mr. Daly (and could not produce him). (Dkt. #65-1 at 1-2.)

Plaintiff was first made aware of Mr. McCormick on February 3, 2025 when Defendant filed its Responses to Initial Discovery Protocols. (Dkt. #63-1 at 53.) In that document, Defendant identified Mr. McCormick as one of Plaintiff's supervisors and/or managers, and stated that he was the President of Siemens Energy. *Id.* at 56. Defendant further identified Mr. McCormick as an individual likely to have knowledge of the facts concerning the claims and/or defenses at issue in this lawsuit. *Id.* Despite this information, Plaintiff did not make an effort to depose Mr. McCormick during the original discovery period or during the extended discovery period (October 17, 2025 through January 17, 2026).

While Plaintiff argues that he could not have foreseen that Defendant did not employ Mr. Daly, Defendant's Responses to Initial Discovery Protocols appear to state that Mr. Daly was a "Business Manager IBEW Local 90," and not a Siemens Energy Employee. (Dkt. #63-1 at 56.)

And, if there were lingering doubts as to Mr. Daly's role, Plaintiff could have served discovery requests clarifying the nature of Mr. Daly's role. In any event, the Plaintiff scheduled Mr. Daly's deposition for January 16, 2026. As Defendant notes, this decision practically ensured that no additional individuals identified during Mr. Daly's deposition could be deposed before the discovery deadline of January 17, 2026. (Dkt. #66, at 1.)

Plaintiff also claims that Mr. Ladnier's deposition elicited information suggesting that Mr. McCormick was a decisionmaker involved in Plaintiff's termination. (Dkt. #65-1 at 6-7.) During Mr. Ladnier's deposition, which occurred on February 3, 2026 (after the close of discovery, as agreed-upon by the parties), Mr. Ladnier testified about a one-page text message that was produced during the discovery period. (Dkt. #65-1 at 6.) Mr. Ladnier admitted that the text exchange was between himself and Mr. McCormick, and Plaintiff claims that Mr. Ladnier's testimony made clear that Mr. McCormick participated in the decision to terminate Plaintiff. *Id.* at 5-6. While Mr. Ladnier's deposition may have created an interest in deposing Mr. McCormick, Defendant points out that "Plaintiff took no action to depose any witnesses, including witnesses which may have further confirmed the need to depose Mr. McCormick, until January 6, 2026, a mere 11 days prior to the close of discovery." (Dkt. #63 at 7.) Likewise, Defendant claims that the text exchange at issue was produced to Plaintiff on February 3, 2025. (Dkt. #66 at 5.) This provided Plaintiff with nearly one year to explore the relevance of the messages and the parties involved in the exchange.[3] As courts within the Second Circuit make clear, "[w]here a party is aware of the existence of documents or other information before the close of discovery and propounds requests after the

---

[3] Additionally, as noted earlier, on February 3, 2025, the Defendant identified Mr. McCormick as one of Plaintiff's supervisors and/or managers and someone who was likely to have knowledge of the facts concerning Plaintiff's claims and Defendant's defenses. (Dkt. #63-1 at 56.)

deadline has passed, those requests should be denied." *Gucci Am. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 140 (S.D.N.Y. 2011) (collecting cases).

Because Plaintiff's Motion to Compel is untimely and Plaintiff has not demonstrated good cause for the delay, the Court denies Plaintiff's Motion to Compel the deposition of Mr. McCormick. Finally, because the Court denies Plaintiff's Motion to Compel the deposition of Mr. McCormick, Defendant's Motion for a Protective Order is denied as moot. The Court's denial of Defendant's Motion for a Protective Order is without prejudice.

IV.    CONCLUSION

Plaintiff's Motion to Compel is DENIED, and Defendant's Motion for a Protective Order is DENIED as moot. This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. R. 72.2. As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

SO ORDERED on this **18th** day of **March, 2026** at Hartford, Connecticut.

_____/s/_____
Robert A. Richardson
United States Magistrate Judge